IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NNAMDI JOEL CHUKWU,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT<br><br><br>Civil Case No. 2:24-CV-170 TS<br>Criminal Case No. 2:20-CR-284 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence; the government's Response ; and Petitioner's Motion for Summary Judgment. Having reviewed these filings, the Court finds that an evidentiary hearing is required.

Petitioner pleaded guilty to Conspiracy to Launder Money. He now alleges that his previous counsel was ineffective for failing to inform him that there could be immigration consequences to his guilty plea.[1] To support this contention, Petitioner has submitted, among other things, an affidavit in support of his Motion.[2] The government filed an answer denying that Petitioner's previous counsel failed to inform him of the potential of such consequences.[3] In support, the government provided a declaration from Petitioner's previous counsel, a series of text messages

---

[1] Docket No. 1.

[2] Docket No. 1-2.

[3] Docket No. 18.

between Petitioner and his former counsel, and a declaration from an immigration attorney who allegedly consulted Petitioner before Petitioner's guilty plea.

The government also included a "Memorandum of law in Opposition to Petition," which argued that a hearing on the Motion was unnecessary based on the evidence provided by the government. Petitioner subsequently filed a Motion for Partial Summary Judgment arguing that, based on the evidence presented by both parties, there is no material fact requiring a hearing, and the Court should grant judgment in favor of Petitioner.[4] The parties therefore agree that a hearing is not necessary.

28 U.S.C. § 2255(b) provides that the Court "shall" hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A counsel's failure to advise their client that a guilty plea could subject them to deportation proceedings can amount to a finding of constitutionally deficient counsel.[5] Upon careful review of the filings in this case, the Court cannot say conclusively that Mr. Chukwu is entitled to no relief. Therefore, the Court is required to hold an evidentiary hearing.[6] The Court will, accordingly, schedule an evidentiary hearing and deny Petitioner's Motion for Summary Judgment.

---

[4] Docket No. 19.

[5] *See Padilla v. Kentucky*, 559 U.S. 356 (2010).

[6] *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962) (stating that where "[t]he factual allegations contained in the petitioner's motion and affidavit" are "put in issue by the affidavit filed with the Government's response" and "relate[ ] primarily to purported occurrences outside the courtroom and upon which the record could . . . cast no real light," a hearing is required).

It is therefore

ORDERED that Petitioner's Motion for Summary Judgment (Docket No. 19) is DENIED.

DATED January 28, 2025.

BY THE COURT:

_____

TED STEWART
United States District Judge